**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER CASTORENO,** | § | |
| **TDCJ No. 02194516,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-22-CA-0957-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Christopher Castoreno's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 11) thereto. Also before the Court is Petitioner's Motion for Equitable Tolling (ECF No. 12), which the Court construes as a Reply to Respondent's Answer. In his § 2254 petition, Petitioner challenges the constitutionality of six 2018 state court convictions for child trafficking, arguing (1) the complainant and lead detective committed perjury, (2) the prosecution coerced a witness to testify, and (3) the trial court and his trial counsel erred by not giving a jury instruction requiring a unanimous verdict. In his Answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. **Background**

In March 2018, a Bexar County jury convicted Petitioner of six counts of trafficking a child into forced labor, enhanced by a prior conviction.  After a separate punishment hearing, the trial court sentenced Petitioner to thirty years of  imprisonment on each count, with the sentences to run concurrently.  *State v. Castoreno*, No. 2016CR2508 (379th Dist. Ct., Bexar Cnty., Tex. Mar. 19, 2018); (ECF No. 10-2 at 73-82).  The Texas Fourth Court of Appeals affirmed his conviction on direct appeal.  *Castoreno v. State*, No. 04-18-00409-CR, 2019 WL 938276 (Tex. App.—San Antonio, Feb. 27, 2019, no. pet.); (ECF No. 10-16).  Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[1]

Instead, Petitioner challenged his convictions by filing a state habeas corpus application on March 11, 2019, but the application was dismissed by the Texas Court of Criminal Appeals two months later because his conviction was not yet final.  *Ex parte Castoreno*, No. 89,721-01 (Tex. Crim. App.); (ECF Nos. 10-21, 10-24 at 20).  Petitioner filed a second state habeas application on November 12, 2019, which the Texas Court of Criminal Appeals eventually denied without written order on April 29, 2020.  *Ex parte Castoreno*, No. 89,721-02 (Tex. Crim. App.); (ECF Nos. 10-26, 10-27 at 20).  Petitioner eventually filed a third state habeas application on November 8, 2021, which the Texas Court of Criminal Appeals dismissed as a successive petition on April 13, 2022, citing Tex. Code. Crim. Proc. Art. 11.07, Sec. 4.  *Ex parte Castoreno*, No. 89,721-03 (Tex. Crim. App.); (ECF Nos. 10-30 at 19, 11-1).

Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on August 26, 2022.  (ECF No. 1 at 13).

---

[1]     *See*  http://www.search.txcourts.gov, search for "Castoreno, Christopher" last visited December 12, 2022.

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions became final March 29, 2019, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30-day period in which he could have filed the petition) (citation omitted).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, March 30, 2020.[2]

Petitioner did not file his § 2254 petition until August 26, 2022—almost two and a half years after the limitations period expired—thus, his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that

---

[2]    Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner challenged the instant conviction by filing three *pro se* state habeas applications.  Only Petitioner's second state habeas application entitles Petitioner to tolling.[3] This second application—filed on November 12, 2019, and later denied by the Texas Court of Criminal Appeals on April 29, 2020—tolled the limitations period for a total of 170 days, making Petitioner's federal petition due September 16, 2020.  Again, he did not file the instant § 2254 petition until August 26, 2022, still almost two years too late.

## B.    Equitable Tolling

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v.*

---

[3]    Petitioner's first state application, which was dismissed by the Texas Court of Criminal Appeals in May 2019 because Petitioner's conviction was not yet final, does not operate to toll the limitations period because it was not properly filed.  Indeed, an improperly filed state habeas application has no effect on the one-year time-bar.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").  Petitioner's third state habeas application does not toll the limitations period because it was filed in November 2021, well after Petitioner's limitations period for filing a federal petition had already expired.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

*Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid argument for equitably tolling the limitations period in this case.   In his reply (ECF No. 12), Petitioner cites shutdowns that occurred at his prison unit because of the COVID-19 pandemic as a basis for equitable tolling. According to Petitioner, the intermittent lockdowns made it difficult to visit the prison library or consult other prison inmates to assist him in adequately preparing his federal habeas petition. However, courts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from actually filing a petition.  *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library are not extraordinary circumstances sufficient to warrant equitable tolling); *Ramos, III v. Lumpkin,* No. 5:20-cv-1448, 2021 WL 3410314 (W.D. Tex. Aug. 4, 2021) (finding diminished library access did not actually prevent petitioner from filing and thus was not constitute an extraordinary circumstance); *White v. Director*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (same).[4]

In this case, Petitioner similarly presents no evidence that any intermittent lockdowns "actually prevented" him from filing his federal petition.  *Krause v. Thaler*, 637 F.3d 558, 561

---

[4]        *See also United States v. Pizarro,* No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-cr-345, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented Defendant from filing § 2255 motion); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the security lockdowns constitute "extraordinary circumstances" or show that he diligently pursued his rights during the remaining portion of the limitations period).

(5th Cir. 2011).  "Absent evidence in the record," however, this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)).  Indeed, Petitioner does not contend that he was prevented from filing a petition, but rather argues that the sporadic lockdowns made it difficult to comply with the time limits. But as discussed by the numerous cases cited above, delays in accessing library materials do not constitute an "extraordinary circumstance" that ultimately prevent a petitioner from filing a timely federal petition.

Moreover, during the COVID-19 pandemic, other courts have found that prisoners are not entitled to tolling if there is no evidence they diligently pursued their right to file a petition prior to the lockdowns. *See, e.g.*, *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, No. 4:16-CR-3077, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (holding that when, "as a result of the COVID-19 pandemic, his access to the law library has been limited, preventing him from completing his motion," equitable tolling would only be appropriate if the motion "was diligently pursued").

Petitioner fails to establish that he diligently pursued his right to file the instant § 2254 petition prior to the COVID-19 pandemic.  As discussed previously, Petitioner's limitations period began in March 2019, well before COVID-19 measures began to take effect in or around March 2020.  Because Petitioner's limitations period took place almost entirely before the

initiation of any COVID-19 protocols, his arguments regarding intermittent lockdowns as a result of COVID-19 do little to explain why he could not have worked on and filed the instant federal petition earlier.

Petitioner also fails to demonstrate that he pursued his rights diligently once the COVID-19 pandemic began. As discussed previously, Petitioner's second state habeas application was denied by the state court in April 2020, yet Petitioner waited until November 2021 to file a third state habeas petition instead of seeking federal habeas corpus relief. Upon the dismissal of his third state habeas petition in April 2022, Petitioner then waited another four months before filing the instant federal petition. These delays weigh against a finding of diligence, and Petitioner has not established that his claims could not have been discovered and presented earlier. Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Although the one-year statute of limitations found in the AEDPA has been in place since 1996, Petitioner provides no reasonable justification for missing the filing deadline by almost two years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV.  Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Petitioner's Motion for Equitable Tolling, filed October 31, 2022 (ECF No. 12), is construed as a reply brief which has been taken into consideration by the Court;

2.     Federal habeas corpus relief is **DENIED** and Petitioner Christopher Castoreno's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3.     No Certificate of Appealability shall issue in this case; and

4.     All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 12th day of December, 2022.**


**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**